Roya Rahmanpour (State Bar No. 285076)
Barnes & Thornburg LLP
2029 Century Park E., Suite 300
Los Angeles, CA  90067-2904
Telephone:  310-284-3892
Facsimile:  310-284-3894
Email:  Roya.Rahmanpour@btlaw.com

Deborah Pollack-Milgate (*pro hac vice*)
Kathleen S. Fennessy (*pro hac vice*)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
Email: dpollackmilgate@btlaw.com
           kfennessy@btlaw.com

Attorneys for Defendant
ROADSTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZMO, INC.<br><br>       Plaintiff,<br><br>v.<br><br>ROADSTER, INC.<br><br>       Defendant. | Case No. 3:18-cv-06092-EMC<br><br>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   January 17, 2019<br>Time:  1:30 p.m.<br>Courtroom 5,  17th Floor |

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE
STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on January 17, 2019, at 1:30 PM, or as soon thereafter as it may be heard, Defendant Roadster, Inc. will move to dismiss Count II of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Defendant will also move for a More Definite Statement with Respect to Count I of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(e), and Defendant will also move to Dismiss Plaintiff's Claim for Attorney's Fees and Costs Pursuant to Count I pursuant to 17 U.S.C. § 412.

These Motions are based on the Federal Rules of Civil Procedure 12(b)(6) and 12(e) and 17 U.S.C. § 412. This Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Andrew Moss and upon such other matters as may be presented to the Court at the time of the hearing of these motions.

Dated: December 18, 2018

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: /s/ *Roya Rahmanpour*
Roya Rahmanpour
Attorneys for Defendant Roadster, Inc.

## **TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................1

I. INTRODUCTION ...............................................................................................................1

II. BACKGROUND .................................................................................................................1

III. ARGUMENT .......................................................................................................................4

    A. Count II Must Be Dismissed in Its Entirety. ..........................................................4

    B. Plaintiff Must Provide a More Definite Statement with Respect to Count I, Which Does Not Adequately Identify Which Stock Photographs Are at Issue. ..........................................................5

    C. Plaintiff's Claim for Attorney's Fees and Costs Pursuant to Count I Must Also Be Dismissed ...............................................................7

IV. CONCLUSION ....................................................................................................................8

i

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................................................ 4

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*,
   606 F.3d 612 (9th Cir. 2010) ................................................................................................... 6

*Zito v. Steeplechase Films, Inc.*,
   267 F. Supp. 2d 1022 (N.D. Cal. 2003) ................................................................................... 7

**Statutes**

17 U.S.C. § 411 ............................................................................................................................. 6

17 U.S.C. § 412 ............................................................................................................................. 7

17 U.S.C. § 505 ............................................................................................................................. 7

17 U.S.C. § 1202 ........................................................................................................................... 5

17 U.S.C. § 1202(c)(1)-(3), (6)-(8) ............................................................................................... 4

Digital Millennium Copyright Act ("DMCA") .................................................................... 1, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 4

Federal Rule of Civil Procedure 12(e) ......................................................................................... 5

ii

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE
STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Izmo, Inc. ("Plaintiff" or "izmo") is the apparent owner of at least some of the stock automobile photographs it has attached to its Complaint, for which it presumably seeks hundreds of thousands of dollars in damages, along with costs and reasonable attorneys' fees, for photographs that could have been licensed by Roadster, Inc. ("Defendant" or "Roadster") for perhaps ten thousand dollars or less. Izmo has filed this lawsuit even though it admits it did not file for any copyright registrations for the photographs at issue until after it discovered the alleged infringement.

Izmo's Complaint is deficient in three respects. First, its claim for damages pursuant to the Digital Millennium Copyright Act ("DMCA") fails on its face. Plaintiff's claim of altered images based on the changing of electronic file names having no identifiable copyright information at the outset is not redressable. Second, izmo's complaint that Roadster has engaged in 80 instances of copyright infringement is unsupported. Plaintiff's "Exhibit A" contains multiple errors, including links to izmo's website that are connected to photographs other than those identified, as well as dozens of links to photographs apparently posted *after* the alleged infringement occurred (based on the "Image Created Date" displayed for those photographs). Lastly, Plaintiff's claim for statutory attorneys' fees and costs also fails because, in the absence of having sought copyright registration in a timely manner, Plaintiff can claim only actual damages and cannot seek to recover as a prevailing party.

Based on the foregoing, Count II should be dismissed in its entirety, and Count I's claim for attorneys' fees as a prevailing party should be dismissed in its entirety. The Court should also require that the Plaintiff provide a more definite statement with regard to Count I because Defendant is unable to respond to the allegations of infringement of 80 photographs because the allegations are rife with errors and *no* registration or ownership is shown.

## II. BACKGROUND

### Roadster's Business

To understand the Plaintiff's allegations and their deficiencies, it is important to divide up Roadster's business model between the business in which it was engaged prior to 2018 and the

business in which it is now engaged. *See* Declaration of Andrew Moss, CEO of Roadster, attached as Exhibit 1 hereto.

Previously, Roadster's business consisted of acting as a broker for the sale of automobiles. *Id.* at ¶ 2. It was in the course of carrying out that business that at least certain of the photographs Roadster is alleged to infringe were displayed on Roadster's website, notably, as background photos only for decoration purposes on one or two specific web pages. *Id.* at ¶ 5. During 2018, Roadster ceased doing business in this capacity; it was already in the process of exiting this business altogether (and as a consequence eliminating the web pages referenced in the complaint) when contacted by Plaintiff in the spring of 2018. *Id.* at ¶¶ 2, 7. In carrying out this business (the allegedly infringing business), it is incorrect that Roadster displayed photographs on its website that it "allow[ed] its dealership customers to display." *Id.* at ¶ 5. The photographs at issue were background photos of generic cars not related to Roadster's brokering of specific vehicle purchases. *Id.* at ¶ 5. In addition, the web pages in question were never part of Roadster's subsequent dealership software business; indeed, when these web pages were created and the alleged infringement began, Roadster's sole business was the brokering of automobiles to consumers and by definition Roadster had no dealer customers that would or could have displayed the generic background photographs at issue. *Id.* at ¶¶ 6-7. Moreover, Roadster's brokerage business was limited to California, with the majority of the business in California. *Id.* at ¶ 14.

In a separate business that Roadster established in July 2016, Roadster provides electronic commerce technology solutions for automobile dealerships, which represent its current customer base. *Id.* at ¶ 6. Defendant does now permit "its dealership customers to display the same automotive photographs" as Roadster would display. This allegation is irrelevant, however, because it involves Roadster's current business that is not alleged to have ever made use of Plaintiff's photographs. *Id.* The photographs referenced in the complaint have no relevance to Roadster's new business and have never been used or made available to Roadster's dealership customers. *Id.*

In sum, the stock photographs at issue appeared on a website no longer in use for a business no longer existing and were used as background photographs only for a local brokerage business.

2
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

Plaintiff's Complaint

Plaintiff's Complaint does not demonstrate that it holds any valid copyright registrations. Instead, Plaintiff has admitted that it did not file for copyright protection until April 2018, presumably well after the alleged infringement began (based *inter alia* on izmo's screenshots of April 20, 2018). Plaintiff's initial cease and desist letter to Defendant is dated May 1, 2018. *Id.* at ¶ 7. Defendant does not know which photos it may have used or where or how they were acquired. Most of what Plaintiff appears to be representing as "file names" for its photographs do not turn up on Plaintiff's website, but rather on another on-line source. *See id.* at ¶ 10 & Exhibit A to Moss Declaration (also Exhibit A to Complaint). Thus, it is difficult, if not impossible, for Defendant to confirm that izmo owns the 80 generic images based on the information izmo has provided to date. *Id.* at ¶ 12. None of the images that can be located on-line indicates that it is subject to copyright protection. *Id.* at ¶ 11. Many of the images are connected to photographs from izmo's website that were posted in July 2018, making it impossible for Roadster to determine, even if the photos now belong to izmo, that the photos belonged to izmo when izmo complained. *Id.* at ¶ 9. Many photos can be traced back to Motortrend.com, where they are freely downloadable with no copyright notice relating to izmo or otherwise. *Id.* at ¶ 10.

In addition, the Plaintiff complains about copyright management information ("CMI"), but its "file" names, to the extent those can be determined, include no copyright management information. Plaintiff apparently would demand hundreds of thousands of dollars, even though the licensing fees for these 80 stock images would not have exceeded $10,000 in total under any likely calculation. *Id.* at ¶ 14. This licensing fee is clear because izmo provides an on-line license fee calculator pursuant to which Roadster – and any other prospective licensee – can calculate the fee. Since Plaintiff first complained about Defendant's alleged infringement, Plaintiff has apparently doubled, and in some instances more than doubled, its licensing fees. *Id.* at ¶ 15.

In brief, this lawsuit is an exploitation of copyright laws that should not be sanctioned.

//

//

//

## III. ARGUMENT

### A. Count II Must Be Dismissed in Its Entirety.

Defendant moves to dismiss Count II in its entirety pursuant to the Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted. In brief, Plaintiff pleads no facts that support its vague allegations of a violation of the DMCA. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009).

Count II of the Complaint claims that Defendant violated the provisions of the DMCA concerning CMI. Plaintiff claims that "Defendant intentionally removed and/or altered the copyright management information of the Images" by "remov[ing] and/or alter[ing] Plaintiff's original file name." Compl. ¶ 14. The only "original file names" provided appear to be pasted in column F of Exhibit A to the Complaint (and attached to the Moss Declaration), e.g., "audi_16a7tdila_frontview." These are generic names that only describe the vehicle in the image, and do not contain "information identifying the work," "the author of a work," "the copyright owner of the work," "identifying numbers or symbols," etc.

The DMCA defines CMI as:

> [A]ny of the following information conveyed in connection with copies . . . or displays of a work, including in digital form…: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. . . . . (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c)(1)-(3), (6)-(8).

Based on the vague and limited information provided in the Complaint, the only conclusion that can be drawn is that Plaintiff is alleging that Defendant removed the file names such as "audi_16a7tdila_frontview" provided in Exhibit A. Such file names, however, which are nondescript when it comes to CMI, clearly do not fit within the definition of the term. This file name does not help

4

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

identify the work's title, author, or copyright owner as required by 17 U.S.C. § 1202. The Complaint makes no reference to any other type of CMI. As such, Plaintiff has failed to state a claim: it cannot show that any CMI as defined by 17 U.S.C. § 1202, and has failed to plead facts that support its allegations that CMI was removed or altered.

Even if the information identified by Plaintiff could be said to be "CMI" (and it cannot), while Plaintiff has at least set forth what are presumably file names, it does not state what CMI information was removed or altered to support its allegation of a DMCA violation. Other than the presumed file names, Plaintiff points only to "urls", not to file name information that has been altered from the original. Apparently, the alleged new "file names" are embedded within the "urls" that have been provided, but Plaintiffs have not said so. Thus, while Plaintiff states that "defendant altered the original file name given to the Images by Plaintiff by adding a different file name," izmo does not say what that "different file name" is.

Defendant respectfully requests that the Court dismiss Count II because "audi" and "frontview" is not CMI, and no DMCA claim is articulated.

### B. Plaintiff Must Provide a More Definite Statement with Respect to Count I, Which Does Not Adequately Identify Which Stock Photographs Are at Issue.

Under the Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

In support of its allegations, Plaintiff attaches to its Complaint "Exhibit A," which lists 80 images in which its rights allegedly were infringed (referred to by Plaintiff as the "Images"). In Paragraph 9, Plaintiff alleges "Defendant has copied and used certain of Plaintiff's Images." In Paragraph 16, Plaintiff alleges, "Plaintiff is the owner of a valid copyright in the Images." It is unclear from the information provided in the Complaint and corresponding Exhibit, however (1) which Images are at issue once errors are eliminated, (2) what the copyright registration status of these Images is, and (3) whether Plaintiff is the owner of these Images. Accordingly, the allegations in Count I are so vague

and ambiguous that Defendant is unable to frame a responsive pleading until Plaintiff provides a more definite statement.

First, a more definite statement of which Images are at issue is required in view of the flaws in Exhibit A. More than a dozen of the links to the images listed on Exhibit A (1, 4, 8, 9, 11, 13, 15, 29, 37, 38, 71, 75 & 78) are wrong. Several others do not lead to the car that is indicated (39, 62 & 66). Image 64 appears to be a duplicate of image 62. Exhibit 1 at ¶ 8. Lastly, *dozens* of photos are indicated on izmo's website to have been first posted on July 12, 2018, casting further doubt on izmo's ability to make out a copyright claim with regard to those images. Exhibit 1 at ¶ 9 (*see* Exhibit A (5, 12, 14, 18-24, 26-27, 31, 33-34, 36, 40, 43-44, 51, 53, 56-58, 60, 67-68, 74, 76, 79-80)).

Even without these inaccuracies—and assuming they are mere inaccuracies—none of the information provided in the Complaint nor the corresponding Exhibit A demonstrates that Plaintiff is the owner of the Images. Plaintiff has failed to provide any information regarding the registration of the copyrights, which is a prerequisite of bringing this suit. 17 U.S.C. § 411(a). As the Ninth Circuit has noted, "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.,* 606 F.3d 612, 621 (9th Cir. 2010). Neither the Court nor Roadster has seen the copyright registration documents.

Even if Plaintiff is the true owner of the Images, Defendant has not received any confirmation that the Copyright Office received complete applications for each of the Images. Furthermore, neither the Complaint nor its corresponding Exhibit A identifies the registration status of any of the Images. Defendant has carefully reviewed the information provided by Plaintiff in the Complaint and the corresponding Exhibit A, but which images are owned by Plaintiff remains unclear. Accordingly, based on the vague and ambiguous information provided in the Complaint, Defendant is unable to confirm or verify whether the Images referenced in the Complaint and the corresponding Exhibit A belong to the Plaintiff and if so, as of which date.

Without a more definite statement, Defendant is unable to accurately and completely respond to the allegations raised in the Complaint at this time. Until Plaintiff accurate and complete information, it

6
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(E)

3:18-cv-06092 EMC

would be meaningless for Defendant to respond to Plaintiff's claim for relief in Count I, as Defendant is unable to frame a responsive pleading.

### C. Plaintiff's Claim for Attorney's Fees and Costs Pursuant to Count I Must Also Be Dismissed

Plaintiff's claim for attorneys' fees and costs in paragraph 22 (and in the prayer for relief, for that matter) lacks any foundation and should be dismissed as a matter of law. Plaintiff has no claim that any of its rights were registered prior to when the alleged infringement began; it makes no such factual allegations. Thus, Plaintiff has no entitlement to statutory damages, either for the alleged infringement or even as a prevailing party.

The Copyright Act states that in any copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party," and, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Section 412 of The Copyright Act contains an exception to this rule, which states that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412; *accord Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003) (holding, "if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available").

In the complaint, Plaintiff alleges, "Plaintiff is entitled to its costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505." Pursuant to Paragraph 10 of the Complaint, Plaintiff did not seek registration of its images until on or about April 6, 2018. Plaintiff's initial demand to Defendant was made within a month of that date, and, by not seeking statutory damages, it is clear that Plaintiff understand that its remedies are limited to actual damages.

Accordingly, Plaintiff's assertion that it may recover attorneys' fees is without merit and Defendant moves to dismiss its claim for damages pursuant to Section 505.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Count II of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), grant Defendant's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), and dismiss Plaintiff's Claim for Attorney's Fees and Costs Pursuant to Count I pursuant to 17 U.S.C. § 412, and being otherwise duly advised, the Court hereby GRANTS said Motions.

Dated: December 18, 2018

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: /s/ *Roya Rahmanpour*
Roya Rahmanpour
Attorneys for Defendant Roadster, Inc.