KAREN S. FRANK (State Bar No. 130887)
LAWRENCE J. SISKIND (State Bar No. 85628)
MARK L. HEJINIAN (State Bar No. 281417)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   kfrank@coblentzlaw.com
         ef-ljs@cpdb.com
         ef-mlh@cpdb.com

Attorneys for Plaintiff
IZMO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZMO, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>ROADSTER, INC., <br><br>　　　　　Defendant. | Case No. 5:18-cv-06092-NC <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)** |

Plaintiff, by its attorneys, for its Complaint against Defendant, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a).

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L.R. 3-2(c) and General Order No. 44, as an Intellectual Property action this case is properly assigned to any division of this Court, except that pursuant to Civil L.R. 3-2(g) and 73-1, Plaintiff does not consent to assignment to a Magistrate Judge in the Eureka Division.

## PARTIES

5.  Plaintiff izmo, Inc. ("izmo" or "Plaintiff") is a Delaware corporation with its principal place of business in San Francisco, California.

6.  Defendant Roadster, Inc. ("Roadster" or "Defendant") is a Delaware corporation with its principal place of business in San Francisco, California.

## FACTUAL ALLEGATIONS

7.  Plaintiff owns a wide collection of photographic images of automobiles and accessories (the "Images"), which Plaintiff licenses to third parties for their use on their websites and in their businesses. Potential customers of Plaintiff may purchase licenses from Plaintiff for use of the Images for certain regions, media, purposes, and terms of use. The Images are original photographs of various vehicles, created by Plaintiff. The Images reflect Plaintiff's decisions about lighting, shading, angle, and background. They are thus copyrighted works under the Copyright Act of 1976.

8.  Defendant is a technology company that offers software to vehicle dealerships around the world for the purpose of researching, buying, and selling cars over the internet. As part of its business, Defendant displays automotive photographs on its website and allows its dealership customers to display the same automotive photographs on the customers' websites.

9.  Defendant has copied and used certain of Plaintiff's Images without Plaintiff's authorization or consent and for commercial purposes. Attached as **Exhibit A**, and incorporated as if set forth herein, is a schedule showing seventy-nine (79) Images that were infringed by Defendants (the "Schedule"). The Schedule contains information on the seventy-nine (79) claims of copyright information at issue in this action. Each numbered claim has the following thirteen (13) categories of information:

   A.  <u>Image Number</u>: Number of the infringed Image

   B.  <u>Infringer Name</u>: Name of the owner of the website where the infringed Image was found

   C.  <u>izmo Alias</u>: izmo file name of the infringed Image

   D.  <u>Roadster Image Title</u>: Roadster file name of the Image downloaded from

the URL where it was hosted/served

E. <u>Roadster Screen Shot</u>: Date and time of the screen capture of the infringed Image on Roadster's website

F. <u>Infringing Image URL</u>: URL of the infringed Image shown on Roadster's website at the time of the infringement

G. <u>Infringing Image Page</u>: URL of Roadster webpage that showed the infringed Image at the time of the infringement

H. <u>izmo Image URL</u>: Screen capture of izmo Image on izmo website to verify izmo's ownership of the Image

I. <u>Infringement Folder Name</u>: Shared folder name on Google Drive containing screen captures, downloaded infringed Image, and izmo Image matching the infringed Image[1]

J. <u>Shared Folder URL</u>: URL of shared folder on Google Drive

K. <u>Original File Name</u>: izmo file name of original izmo Image filed and/or registered with the U.S. Copyright Office

L. <u>Copyright Filing/Registration Date</u>: Date of copyright filing/registration

M. <u>Copyright Registration No.</u>: Copyright registration number issued by U.S. Copyright Office (where issued)

10. Between April 6, 2018 and May 23, 2018, Plaintiff filed with the United States Copyright Office for registration of the copyrights for each of Plaintiff's Images on the Schedule (as reflected in the "Copyright Filing/Registration Date" category). As of the date of this amended complaint, Plaintiff has obtained valid registrations of the copyrights for certain of the Images, as reflected in the "Copyright Registration No." category.

11. For each Image identified on the Schedule, Plaintiff was the creator and owner of the Image listed at the "izmo Alias" category and the "Roadster Image Title" category at the time

---

[1] The items in the Shared folder are also found at **Exhibits A-1 through A-79**.

**FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**

of the infringement.[2]

12. For each Image identified on the Schedule, on the date(s) listed at "Screen Shot Reference" category, Plaintiff was (and still is) the owner of all rights in the Image.

13. For each Image identified on the Schedule, Defendant publicly and unlawfully reproduced and/or displayed Plaintiff's copyrighted Image, without authorization, consent, permission, license, and/or compensation.

14. For each Image identified on the Schedule, Defendant removed and/or altered Plaintiff's original file name (reflected in the "izmo Alias" category), which is the title or other information identifying the work. Specifically, Defendant altered the original file name given to the Images by Plaintiff by adding a different file name to each Image, as reflected in the new file name listed in the "Roadster Image Title" category.

15. For each Image displayed on the izmo website, Plaintiff includes in the metadata information reflecting its copyright and ownership of the image, according to the International Press Telecommunications Council ("IPTC") core standard. The metadata states that Plaintiff is the creator and owner of the Image and enjoys copyright protections in the Image. The metadata also provides a title to identify the work, as well as Plaintiff's contact information. Such metadata is accessible in Plaintiff's Images distributed in certain file formats.

16. Upon information and belief, and thereon alleged, for Images Defendant obtained in JPEG file format, Defendant removed and/or altered the metadata for each Image identifying Plaintiff's copyright and ownership of the Image.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT)

17. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through

---

[2] Some Images were delivered to certain of Plaintiff's clients prior to being posted on Plaintiff's website. Upon information and belief, and thereon alleged, Defendant obtained certain of Plaintiff's Images from Plaintiff's clients and displayed them without authorization, consent, permission, license, and/or compensation.

14 as if fully set forth herein.

18. Plaintiff is the owner of a valid copyright in the Images.

19. Without authorization, consent, permission, license, and/or compensation, Defendant publicly and unlawfully reproduced and/or displayed Plaintiff's copyrighted Images in violation of 17 U.S.C. §§ 106(1), (5), (6), and 501. Thus Defendant has committed copyright infringement.

20. Defendant's infringement of Plaintiff's Images includes but it not limited to the list of copyrighted Images listed in **Exhibit A**.

21. Defendant's infringement of Plaintiff's rights in each of its copyrighted works constitutes a separate and distinct act of infringement.

22. Defendant's acts of infringement are knowing, willful and intentional, in disregard of and indifference to Plaintiff's rights.

23. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages, including Defendant's profits from the infringement, as will be proven at trial.

24. Plaintiff is further entitled to the impoundment and destruction or other reasonable disposition of infringing copies of Plaintiff's copyrighted works pursuant to 17 U.S.C. § 503.

### SECOND CLAIM FOR RELIEF
### (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202))

25. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

26. Defendant intentionally removed and/or altered the copyright management information of the Images ("Altered Images") and distributed copyright management information for the Altered Images with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the Altered Images, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knew, or with respect

to civil remedies under 17 U.S.C. § 1203, had reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement under this title.

27. Defendant's removal or alteration of copyright management information associated with Plaintiff's Images includes but is not limited to the list of copyrighted Images listed in **Exhibit A**.

28. Defendant's removal or alteration of copyright management information associated with each of Plaintiff's Images constitutes a separate and distinct act of violation of this title.

29. Defendant's acts of removal or alteration of Plaintiff's copyright management information are knowing, willful and intentional, in disregard of and indifference to Plaintiff's rights.

30. As a direct and proximate result of Defendant's removal or alteration of copyright management information associated with Plaintiff's Images, pursuant to 17 U.S.C. § 1203, Plaintiff is entitled to, at its election, actual damages and additional profits of Defendant, as will be proven at trial, or statutory damages.

31. Plaintiff is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b).

32. Plaintiff is further entitled to the impoundment and destruction or other reasonable disposition of infringing copies of Plaintiff's copyrighted work pursuant to 17 U.S.C. § 1203(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. For the impoundment and destruction or other reasonable disposition of infringing copies of Plaintiff's copyrighted Images;

2. For an accounting of any and all revenues and profits that Defendant has derived from its wrongful actions;

3. For all damages to which Plaintiff may be entitled, including Plaintiff's actual damages and/or Defendant's profits, in such amounts as may be found, or, in the alternative and at Plaintiff's election, for statutory damages in the maximum amount allowed by law;

4. For compensatory damages in such amounts as will be proven at trial;

5.  For the costs of this action and reasonable attorneys' fees; and

6.  For such other and further relief the Court deems just.

## JURY TRIAL DEMAND

Plaintiff izmo, Inc. hereby demands a jury trial on all issues so triable.

DATED: January 31, 2019    COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Karen S. Frank*
Karen S. Frank
Lawrence J. Siskind
Mark L. Hejinian
Attorneys for Plaintiff
IZMO, INC.