Roya Rahmanpour (State Bar No. 285076)
**BARNES & THORNBURG LLP**
2029 Century Park E., Suite 300
Los Angeles, CA  90067-2904
Telephone:  310-284-3892
Facsimile:  310-284-3894
Email:  Roya.Rahmanpour@btlaw.com

Deborah Pollack-Milgate (*pro hac vice*)
Kathleen S. Fennessy (*pro hac vice*)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
Email: dpollackmilgate@btlaw.com
          kfennessy@btlaw.com

Attorneys for Defendant
ROADSTER, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IZMO, INC.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROADSTER, INC.<br><br>　　　　　Defendant. | Case No. 5:18-cv-06092-NC<br><br>**DEFENDANT ROADSTER, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　　March 27, 2019<br>Time:　　　　1:00 p.m.<br>Courtroom 5,  4th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on March 27, 2019, at 1:00 PM, or as soon thereafter as it may be heard, Defendant Roadster, Inc. will move to dismiss Count II of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is based on Federal Rule of Civil Procedure 12(b)(6). This Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Andrew Moss and upon such other matters as may be presented to the Court at the time of the hearing of these motions.

Dated:  February 14, 2019

Respectfully submitted,

**BARNES & THORNBURG LLP**


By: /s/ *Roya Rahmanpour*
    Roya Rahmanpour
    Attorneys for Defendant Roadster, Inc.

**TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1
I.    INTRODUCTION ................................................................................................................1
II.    BACKGROUND ................................................................................................................1
III.    ARGUMENT ................................................................................................................3
    A.    Count II Must Be Dismissed in Its Entirety. ...................................................3
IV.    CONCLUSION ................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................................................ 4

*Stevens v. Corelogic, Inc.*,
  899 F.3d 666 (9th Cir. 2018) ...................................................................................................... 5

*Philpot v. Alternet Media, Inc.*,
  No. 18-CV-04479-TSH, 2018 WL 6267876  (N.D. Cal. Nov. 30, 2018) .......................................... 5

**Statutes**

17 U.S.C. § 1202 .............................................................................................................................. 5

17 U.S.C. § 1202(c)(1)-(3), (6)-(8) .................................................................................................. 4

Digital Millennium Copyright Act ("DMCA") ........................................................................ 1, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 4

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Izmo, Inc. ("Plaintiff" or "izmo") would apparently seek hundreds of thousands of dollars in damages, along with costs and reasonable attorneys' fees, for photographs that could have been licensed by Roadster, Inc. ("Defendant" or "Roadster") for perhaps ten thousand dollars or less.

Despite having been provided the opportunity to amend its Complaint, moreover, izmo's First Amended Complaint is still deficient. Specifically, izmo's claim pursuant to the Digital Millennium Copyright Act ("DMCA") fails on its face. Plaintiff's claim of altered images based on the changing of electronic file names having no identifiable copyright information—and now its allegation that Defendant has manipulated unidentified metadata in an unidentified fashion related to unidentified JPEG files—does not state a claim. Even if these allegations were sufficient, Plaintiff's claim would still fail because it has failed to articulate all the elements of a claim pursuant to the DMCA, especially as it relates to the critical element of intent.

In view of the failure to articulate a claim pursuant to the DMCA, no costs or attorneys' fees are proper. Instead, at best izmo is exhausting the Parties' and this Court's resources for the recovery of nominal damages as would be calculated according to the licensing terms set forth on Plaintiff's own website.

Based on the foregoing, Count II should be dismissed in its entirety and no plea for attorneys' fees or costs should be permitted to proceed.

**II.    BACKGROUND**

<u>Roadster's Business</u>

To understand the Plaintiff's allegations and their deficiencies, it is important to split Roadster's business model between the business in which it was engaged prior to 2018 and the business in which it is now engaged. *See* Declaration of Andrew Moss, CEO of Roadster, attached as Exhibit 1 hereto.[1]

---

[1] Despite having been provided the details of Roadster's business and a sworn declaration that noted, for example, izmo's mistaken assumption that the photographs at issue were available to Roadster's clients for display when they were not, izmo repeats the same allegations and inaccuracies as before. Thus, Roadster again sets forth a description of its business to correct the record.

Previously, Roadster's business consisted of acting as a broker for the sale of automobiles. *Id.* at ¶ 3. It was in the course of carrying out that business that at least certain of the photographs Roadster is alleged to infringe were displayed on Roadster's website, notably, as background photos only for decoration purposes on one or two specific web pages. *Id.* at ¶ 5. During 2018, Roadster ceased doing business in this capacity; it was already in the process of exiting this business altogether (and as a consequence eliminating the web pages referenced in the complaint) when contacted by Plaintiff in the spring of 2018. *Id.* at ¶¶ 3, 7. In carrying out this business (the allegedly infringing business), it is incorrect that Roadster displayed photographs on its website that it "allow[ed] its dealership customers to display." *Id.* at ¶ 5. The photographs at issue were background photos of generic cars not related to Roadster's brokering of specific vehicle purchases. *Id.* at ¶ 5. In addition, the web pages in question were never part of Roadster's subsequent dealership software business; indeed, when these web pages were created and the alleged infringement began, Roadster's sole business was the brokering of automobiles to consumers and by definition Roadster had no dealer customers that would or could have displayed the generic background photographs at issue. *Id.* at ¶¶ 6-7. Moreover, Roadster's brokerage business was limited to California, with the majority of the business in California. *Id.* at ¶ 12.

In a separate business that Roadster established in July 2016, Roadster provides electronic commerce technology solutions for automobile dealerships, which represent its current customer base. *Id.* at ¶ 6. Defendant does now permit "its dealership customers to display the same automotive photographs" as Roadster would display. This allegation is irrelevant, however, because it involves Roadster's current business that is not alleged to have ever made use of Plaintiff's photographs. *Id.* The photographs referenced in the complaint have no relevance to Roadster's new business and have never been used or made available to Roadster's dealership customers. *Id.*

In sum, the stock photographs at issue appeared on a website no longer in use for a business no longer existing and were used as background photographs only for a local brokerage business.

<u>Plaintiff's First Amended Complaint</u>

Defendant has no knowledge concerning where or how the photographs at issue were acquired. Most of what Plaintiff originally represented as "file names" for its photographs did not turn up on

Plaintiff's website, but rather on another on-line source. *See id.* at ¶ 10 & Exhibit A to Moss Declaration (also Exhibit A to Original Complaint). Many of the images are connected to photographs from izmo's website that were posted in July 2018, making it impossible for Roadster to determine, even if the photos now belong to izmo, that the photos belonged to izmo when izmo complained. *Id.* at ¶ 9. Many photos can be traced back to Motortrend.com, where they are freely downloadable with no copyright notice relating to izmo or otherwise. *Id.* at ¶ 10.

In addition, the Plaintiff complains about copyright management information ("CMI"), but its "file" names include no copyright management information. Plaintiff apparently would demand hundreds of thousands of dollars, even though the licensing fees for these 79 stock images would not have exceeded $10,000 in total under any likely calculation. *Id.* at ¶ 12. This licensing fee is clear because izmo provides an on-line license fee calculator pursuant to which Roadster – and any other prospective licensee – can calculate the fee. Since Plaintiff first complained about Defendant's alleged infringement, Plaintiff has apparently doubled, and in some instances more than doubled, its licensing fees. *Id.* at ¶ 13.

Plaintiff also complains about a purported removal or alteration of metadata as CMI, but fails to identify the metadata, provide any showing that Defendant had access to the metadata, or that Defendant removed or altered metadata, or to make an affirmative showing that Defendant was aware or had reasonable grounds to be aware of the probable future impact of its alleged actions.

Plaintiff's Second Claim for Relief should be dismissed in its entirety.

## III. ARGUMENT

### A. Count II Must Be Dismissed in Its Entirety.

Defendant moves to dismiss Count II in its entirety pursuant to the Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief may be granted. In brief, Plaintiff pleads no facts that support its vague allegations of a violation of the DMCA. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009).

Count II of the First Amended Complaint claims that Defendant violated the provisions of the DMCA concerning CMI. Plaintiff claims that "Defendant intentionally removed and/or altered the

copyright management information of the Images" by "remov[ing] and/or alter[ing] Plaintiff's original file name." Amended Compl. ¶ 14. The only "original file names" provided appear to be pasted in the columns labeled "izmo Alias" and "OriginalFile Name" of Exhibit A to the First Amended Complaint, e.g., "audi_16a7tdila_frontview." These are generic names that only describe the vehicle in the image, and do not contain "information identifying the work," "the author of a work," "the copyright owner of the work," "identifying numbers or symbols," etc.

The DMCA defines CMI as:

> [A]ny of the following information conveyed in connection with copies . . . or displays of a work, including in digital form…: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. . . . . (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202(c)(1)-(3), (6)-(8).

Based on the vague and limited information provided in the First Amended Complaint, the only conclusion that can be drawn is that Plaintiff is alleging that Defendant removed the file names such as "audi_16a7tdila_frontview" provided in Exhibit A. Such file names, however, which provide *no identifying information* related to Plaintiff's purported interest in the works allegedly enjoying copyright protection, clearly do not fit within the definition of the term. This file name does not help identify the work's title, author, or copyright owner as required by 17 U.S.C. § 1202.

The First Amended Complaint also alleges that "for Images Defendants obtained in JPEG format," Defendant "removed and/or altered the metadata for each Image identifying Plaintiff's copyright and ownership of the Image." Amended Compl. ¶ 16. However, Plaintiff has not provided any showing that the Defendant received any of the Images in JPEG format, nor identified which photographs those might be, nor shown that Defendant removed or altered any identifying metadata, whatever that data might be. Furthermore, even if Defendant somehow *did* obtain the JPEG versions of Images and remove or alter the metadata, its claim fails for an entirely separate reason.

"A plaintiff bringing a Section 1202(b) claim must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi', that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Philpot v. Alternet Media, Inc.*, No. 18-CV-04479-TSH, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018) (granting motion to dismiss), citing *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018). If a plaintiff fails to make this showing, its DMCA claim must be dismissed. *Id.*

Here, the Plaintiff has failed to allege that Defendant knew that its conduct would violate the DMCA or that Defendant was aware of or had reasonable grounds to be aware of the probable future impact of its alleged actions. Section 1202 provides that the alteration of CMI is only actionable where the party altering the CMI has "reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right." Plaintiff has not pleaded any such grounds, nor could it given the absence thereof.

Defendant respectfully requests that the Court dismiss Count II because Plaintiff has failed to identify any CMI and/or the alteration of the purported CMI and because Plaintiff has not made an affirmative showing that the Defendant was aware of or had reasonable grounds to be aware of the probable future impact of its actions. Indeed, given that Plaintiff admits its photographs were not sourced from it (except possibly in unidentified instances), it is difficult to ascertain how any metadata identifying izmo or its copyright information would have or could have been present and impossible to ascribe any malintent to Defendant.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Count II of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), including Plaintiff's request for attorneys' fees and costs pursuant to the DMCA, and requests all other just and proper relief.

Dated:  February 14, 2019

Respectfully submitted,

**BARNES & THORNBURG LLP**

By: /s/ *Roya Rahmanpour*
Roya Rahmanpour
Attorneys for Defendant Roadster, Inc.