1

2

Joel Meyer (State Bar No. 247620)
**BARNES & THORNBURG LLP**
2029 Century Park E., Suite 300
Los Angeles, CA  90067-2904
Telephone:  310-284-3772
Facsimile:  310-284-3894
Email:  Joel.Meyer@btlaw.com

3

4

5

6

Deborah Pollack-Milgate (*pro hac vice*)
Kathleen S. Fennessy (*pro hac vice*)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
Email: dpollackmilgate@btlaw.com
        kfennessy@btlaw.com

7

8

9

10

11

Attorneys for Defendant
ROADSTER, INC.

12

13

**UNITED STATES DISTRICT COURT**

14

**NORTHERN DISTRICT OF CALIFORNIA**

15

16

IZMO, INC.

Case No. 5:18-cv-06092-NC

17

            Plaintiff,

18

     v.

**DEFENDANT ROADSTER, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

19

ROADSTER, INC.

20

            Defendant.

21

22

Date:          June 12, 2019
Time:          1:00 p.m.
Courtroom 5,  4th Floor

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on  June 12, 2019, at 1:00 PM, or as soon thereafter as it may be heard, Defendant Roadster, Inc. will move to dismiss Count I of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This Motion is based on Federal Rule of Civil Procedure 12(b)(6). This Notice of Motion and Motion, the attached Memorandum of Points and Authorities and upon such other matters as may be presented to the Court at the time of the hearing of these motions.

Dated:  May 6, 2019

Respectfully submitted,

**BARNES & THORNBURG LLP**

By:/s/  *Joel Meyer*
    Joel Meyer
    Attorney for Defendant Roadster, Inc.

DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

5:18-cv-06092 NC

# **TABLE OF CONTENTS**

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................................................1

I.       INTRODUCTION ...............................................................................................................1

II.      THE SUPREME COURT DECISION IN FOURTH ESTATE ....................................................1

III.     COUNT I MUST BE DISMISSED. ........................................................................................2

IV.      THE REQUIREMENT TO RE-FILE IS SIGNIFICANT IN VIEW OF ROADSTER'S STATUTE OF LIMITATIONS DEFENSE ..............................................................................4

V.       CONCLUSION...................................................................................................................4

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,*
   139 S. Ct. 881 (2018)......................................................................................................... 1, 3

*Malibu Media LLC v. John Doe*,
   No. 18-cv-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) ............................... 3

*Strike 3 Holdings, LLC v. Doe*,
   No. 18-cv-01173-TSH, 2019 WL 1277561 (N.D. Cal. Mar, 20, 2019) .............................. 3

**Statutes**

17 U.S.C. § 411......................................................................................................................... 1, 3

**Other Authorities**

Fed. R. Civ. P. 15...........................................................................................................................3

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................2

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.      <u>INTRODUCTION</u>**

Defendant Roadster, Inc. ("Roadster") hereby brings this Motion to Dismiss Count I of izmo's Second Amended Complaint. In brief, Defendant Roadster's Second Amended Complaint fails to establish that it possessed a viable copyright claim as to the overwhelming majority of images on the date of the filing of the original Complaint, October 3, 2018. Indeed, fully sixty-nine images had no copyright issued until April 4, 2019, just before the filing of izmo's Second Amended Complaint.[1]

In view of the Supreme Court's decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, Roadster believes that dismissal without prejudice is required, subject to izmo's refiling, at the Court's discretion. As explained below, requiring refiling, as Roadster believes is dictated by *Fourth Estate*, is also significant in view of Roadster's statute of limitations defense.

In the event this Court disagrees with Roadster's position that *Fourth Estate* requires dismissal of the Complaint, Roadster attached its Answer attached as Exhibit 1 hereto for immediate filing.

**II.      <u>THE SUPREME COURT DECISION IN FOURTH ESTATE</u>**

In *Fourth Estate*, the Supreme Court noted first that 17 U.S.C. § 411(a) bars "a copyright owner from suing for infringement until 'registration . . . has been made.'" 139 S. Ct. 881, 887 (2018). At issue in *Fourth Estate* was whether the language "registration is made" requires a grant of rights by the Copyright Office prior to bringing an infringement suit. *Id.* Upon careful statutory analysis, the Court concluded that 17 U.S.C. § 411 does indeed bar suit on a copyright matter prior to grant of the registration, calling its approach the "registration approach." *Id.* at 888.

In its analysis, the Supreme Court went to great lengths to arrive at a statutory construction that took into account various provisions of the statute, including the statute's limited exception permitting a copyright holder to enforce preregistration rights. In concluding that registration by the copyright

---

[1] After Roadster noted that izmo had a duplicate image listed on its initial spreadsheet of images, Roadster removed that image in connection with its First Amended Complaint, thereby reducing the number of images from 80 to 79. In its latest round, izmo again has upped the number back 80 images. At this juncture, Roadster has not investigated the discrepancy and leaves that to izmo to correct or explain.

1  office is required, the Court noted that a contrary ruling would not be reconcilable with the statute's

2  limited preregistration rights: "A copyright owner who fears prepublication infringement would have

3  no reason to apply for preregistration, however, if she could instead simply complete an application for

4  registration and immediately sue." *Id.* at 889. Thus, the Court declined to adopt an interpretation that

5  would render the prepublication exception redundant.

6       As one challenge to the Supreme Court's reasoning, Petitioner Fourth Estate also argued that

7  the registration approach was improper because it would "deprive the owner of her rights during the

8  waiting period [for registration]." *Id.* at 891. In response, the Supreme Court expressly addressed the

9  concern that the three-year statute of limitations for copyright matters might elapse prior to

10  registration, concluding that Fourth Estate's fear was "overstated" and that while not ideal "the average

11  processing time for registration applications is currently seven months, leaving ample time to sue after

12  the Register's decision." *Id.* at 892.

13      Thus, the Court concluded, registration has been made within the language of the statute only

14  when "the Register has registered a copyright after examining a properly filed application." *Id.*

15  ## III.    COUNT I MUST BE DISMISSED.

16      Count I must be dismissed pursuant to the Federal Rule of Civil Procedure 12(b)(6) on the basis

17  that Plaintiff has failed to state a claim upon which relief may be granted, by filing copyright

18  infringement claims prior to copyright registration as defined by the Supreme Court in *Fourth Estate*.

19      The same reasoning that applied in *Fourth Estate* applies here. First, if izmo were not required

20  to file a new Complaint, that result would run afoul of the Supreme Court's logic that a party might

21  simply file for a registration, file a complaint, and then amend the complaint at such time when the

22  registrations were entered by the Copyright Office. This result would not be consistent with *Fourth*

23  *Estate* and would render the decision inconsequential.

24      Second, the Supreme Court expressly contemplated that its decision would have consequences

25  as it relates to the statute of limitations for plaintiffs. The Court knew that the statute of limitations

26  might be shortened by the period of time necessary for the review of a registration, but noted that it

27  was not free to ignore the statutory framework that requires entry of registration.

28

1    After Defendant Roadster requested that izmo dismiss its First Amended Complaint and refile,

2    izmo indicated its belief that because some of its photographs were apparently registered at the time of

3    filing of its original Complaint, the ruling of *Fourth Estate* would not apply. Exhibit. 2.

4    This logic makes no more sense than the logic rejected by the Supreme Court in *Fourth Estate*.

5    If izmo is not required to file a new Complaint, then it could simply file a lawsuit with one registered

6    copyright and in the meanwhile seek registration for all others. Here, it appears that barely a dozen of

7    the (now) 80 images izmo asserts were registered when it brought its initial Complaint in October.

8    In *Malibu Media*, the court reached exactly the conclusion Roadster believes is correct in the

9    wake of *Fourth Estate*. There, the Southern District of New York noted that because registration of the

10    copyright had not been made prior to suit, dismissal was required. *Malibu Media LLC v. John Doe*, No.

11    18-cv-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019). It rejected the Plaintiff's argument on

12    two primary grounds. First, it noted that the relation back provision of Fed. R. Civ. P. 15 would render

13    the distinction between an amended complaint and the original complaint meaningless, thereby giving

14    the Plaintiff the benefit of the earlier filing date, even though the Supreme Court contemplated

15    otherwise. *Id.* at *2. Second, it reasoned that, "[e]nforcing Congress's choice means that an amended

16    complaint alleging compliance with Section 411(a) cannot relate back to a time before registration is

17    achieved." *Id.*

18    In reaching this conclusion, the district court did note that it was parting ways with other courts,

19    including as articulated in a decision from the Northern District of California. *Id.* at 3. Post *Fourth*

20    *Estate,* however, it is hard to see how it would yet be possible to look to an amended complaint to cure

21    the flaws of an original Complaint in failing to procrure registration.

22    Lastly, it is telling that, in a recent decision from the Northern District of California, the court

23    signed on to a request to enter a default judgment as to "those 12 registered copyrights" and not a

24    default judgment for all 27 works, because the remaining works were not registered. *Strike 3 Holdings,*

25    *LLC v. Doe*, No. 18-cv-01173-TSH, 2019 WL 1277561, at *2 (N.D. Cal. Mar, 20, 2019). The

26    implication is clear: a partial registration is valid only as to those works for which registration has been

27    achieved.

28

Should izmo wish to drop its claims for the approximately 69 images for which, by its own admission, it held no copyright registration at the time of the filing of the Complaint, izmo can obviously do so. Roadster presumes, however, that this is not izmo's wish. In the meanwhile, izmo's copyright claims are valid only as to the dozen or so copyrights it held upon filing of the Complaint in October.

## IV.   THE REQUIREMENT TO RE-FILE IS SIGNIFICANT IN VIEW OF ROADSTER'S STATUTE OF LIMITATIONS DEFENSE

To the extent that Roadster has been able to discern when the photographs at issue were displayed on its defunct website, it appears that most of them were first posted between July and December of 2014. Thus, by the time of the filing of the Complaint in November of 2018, the statute of limitations had likely run on the majority of the photographs izmo has put forward. A few photographs may have been posted later, however, such that the date on which the statute of limitations expired will be a significant matter to determine in the course of this action. Roadster believes that, according to the Supreme Court's directive in *Fourth Estate*, izmo must file a Complaint at a time at which it can demonstrate registration of all of the copyrights it intends to attempt to enforce.

## V.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Count I of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and requests all other just and proper relief. In the event that the Court disagrees with Roadster's logic in this matter, Roadster has attached an Answer with Affirmative Defenses for immediately filing so as to permit this matter to move forward expeditiously.

1    Dated:  May 6, 2019                                   Respectfully submitted,

2                                                          **BARNES & THORNBURG LLP**

3

4                                                          By:/s/ *Joel Meyer*
                                                                Joel Meyer

5                                                               Attorneys for Defendant Roadster, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                 5
DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)
                                                                       5:18-cv-06092 NC