UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IZMO, INC., <br> Plaintiff, <br> v. <br> ROADSTER, INC., <br> Defendant. | Case No. 18-cv-06092-NC <br><br> **ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** <br><br> Re: Dkt. No. 38 |

Before the Court is defendant Roadster, Inc.'s motion to dismiss part of plaintiff Izmo, Inc.'s second amended complaint. *See* Dkt. No. 38. The sole question in Roadster's motion is whether, in light of the Supreme Court's recent ruling in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. \_\_\_\_, 139 S. Ct. 881 (2019), Izmo may amend its complaint to assert copyright infringement of photographs that were not registered at the time it initiated this lawsuit.

A brief recap of the procedural and factual background is useful. Izmo initiated this lawsuit in October 2018, alleging that Roadster infringed its copyright in 79 photographs of cars.[1] *See* Dkt. No. 1. Roadster moved to dismiss the first amended complaint on February 14, 2019. *See* Dkt. No. 29. While that motion was pending, the Supreme Court

---

[1] Izmo's original complaint lists 80 photographs, but one of those images was a duplicate. *See* Dkt. No. 1, Ex. A. Izmo amended its complaint to fix this error. *See* Dkt. No. 28.

decided *Fourth Estate*, holding that a copyright plaintiff must obtain registration of its copyrights with the Copyright Office before filing suit. *See Fourth Estate*, 139 S. Ct. at 892.[2] With the Supreme Court's ruling in hand, the Court denied Roadster's motion to dismiss, but *sua sponte* ordered Izmo to amend its complaint to comply with *Fourth Estate*. *See* Dkt. No. 34 at 3, 7.

Izmo filed its second amended complaint on April 8, 2019. *See* Dkt. No. 35. It its amended complaint, Izmo lists 80 copyrighted photographs and the date registration was made for each photograph. *See id.*, Ex. A. Out of those photographs, only 11 were registered prior to the filing of the original complaint. The remaining 69 photographs were registered on April 3, 2019, exactly six months after Izmo initiated this lawsuit. *See id.*

Roadster now contends that Izmo's copyright infringement claims must be dismissed to the extent it alleges infringement of those 69 pictures. *See* Dkt. No. 38 at 1. Izmo argues that dismissal is not warranted because, when it initiated this lawsuit, registration had been made for 11 of the asserted copyrights. *See* Dkt. No. 40 at 7. The newly-registered copyrights, Izmo argues, merely supplements the list of preexisting registrations. *Id.* Because Izmo did not commence this lawsuit prior to obtaining *any* copyright registration, Izmo argues that Roadster's motion must be denied. *Id.*

As the Court previously explained, the Supreme Court recently held that a registration "has been made" within the meaning of 17 U.S.C. § 411(a) when the Copyright Office "has registered a copyright after examining a properly filed application." *Fourth Estate*, 139 S. Ct. at 892. The Supreme Court clarified that "although an owner's rights exist apart from registration . . . registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* at 887. In reaching this result, the Supreme Court reasoned that permitting copyright claimants to sue before obtaining registration of the underlying material would render much of the statutory scheme superfluous. *See id.* at 889–90.

---

[2] The registration requirement is subject to several exceptions involving movies, musical compositions, or live broadcasts not relevant to this case. *See id.* at 888.

2

The Supreme Court's opinion, however, did not squarely address the issue here: whether a copyright claimant may amend its complaint to include subsequently registered material. But in *Malibu Media, LLC v. Doe*, No. 18-cv-10956-JMF, 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019), the Southern District of New York held that *Fourth Estate* bars the addition of infringement claims relating to copyrighted material registered after the commencement of the lawsuit. Relying on Second Circuit precedent and *McNeil v. United States*, 508 U.S. 106, 112 (1993), the *Malibu Media* district court noted that "legal proceedings are *instituted* by the . . . filing of the original complaint." *Id.* at *8 (emphasis in original and quotation marks omitted). Thus, the court reasoned that the statutory language of § 411(a) serves to prohibit "an amended complaint [from] add[ing] copyright claims that, although timely as of the date of their addition to the action, would have been premature when the action was 'instituted.'" *Id.* at *8 n.2; *see also* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made").

This Court agrees with the reasoning of *Malibu Media*. The Supreme Court has made clear that the registration requirement of § 411(a) was "akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887. In related contexts, the Ninth Circuit has rejected amendment of pleadings as a means to cure a claimant's failure to comply with administrative exhaustion requirements. *See, e.g.*, *McKinney v. Carey*, 311 F.3d 1198, 1200–01 (9th Cir. 2002) (requiring dismissal without prejudice in prison condition cases where claimant did not exhaust administrative remedies). Here, permitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*. The fact that Izmo properly "commenced" this lawsuit as to *some* of its copyrights does not excuse its failure to comply with § 411(a) as to its other copyrights.

Izmo's reliance on *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003) and other efficiency concerns is unavailing. *Zito* was decided long before

3

*Fourth Estate*. It is unclear whether *Zito* remains good law in light of the Supreme Court's repudiation of this Circuit's previous approach to the registration prerequisite to suit. The Supreme Court also largely rejected efficiency concerns animating *Zito* and other related authorities. *See Fourth Estate*, 139 S. Ct. at 891–92 (rejecting arguments relating to the timely adjudication of copyright holders' rights).

Accordingly, the Court GRANTS Roadster's motion to dismiss. Izmo's copyright infringement claims are dismissed without prejudice to the extent they allege infringement of photographs registered before October 3, 2018.

**IT IS SO ORDERED.**

Dated: June 4, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge